Mark S. Sidoti
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: 973-596-4581
Fax: 973-639-6292

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BROADCAST MUSIC, INC.; CINDERFUL MUSIC; UNIVERSAL – SONGS OF POLYGRAM INTERNATIONAL, INC.; CYANIDE PUBLISHING; NIGHT GARDEN MUSIC, A DIVISION OF R.E.M./ATHENS, LTD.; SONGS OF UNIVERSAL, INC.; CROOKED CHIMNEY MUSIC INC.; SONY/ATV SONGS LLC d/b/a SONY/ATV ACUFF ROSE MUSIC,<br><br>                Plaintiffs,<br><br>    v.<br><br>RIVER ROCK SPORTS BAR & GRILLE CORP. d/b/a RIVER ROCK RESTAURANT & MARINA BAR; RICHARD S. GROSSBARD; MARCO GIANCARLI; LAWRENCE N. GROSSBARD; and JUAN SANTAMARIA, each individually,<br><br>                Defendants. | Civil Action No. _____<br><br>*Document Electronically Filed*<br><br>**COMPLAINT** |

Plaintiffs, by their undersigned attorneys, for their Complaint against Defendants River Rock Sports Bar & Grille Corp., Richard S. Grossbard, Marco Giancarli, Lawrence N. Grossbard, and Juan Santamaria (collectively, "Defendants"), allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

2501155.1  110887-93945

## JURISDICTION AND VENUE

1. This is an action for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 10.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions that are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Cinderful Music is a sole proprietorship owned by William Patrick Corgan. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff Universal – Songs of Polygram International, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff Cyanide Publishing is a partnership owned by Robert Kuykendall, Richard A. Ream, Bruce Johannesson, and Bret M. Sychak. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Night Garden Music is a division of R.E.M./Athens, Ltd., a limited liability company. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff Songs of Universal, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff Crooked Chimney Music Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony/ATV Acuff Rose Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

12. Defendant River Rock Sports Bar & Grille Corp. is a corporation organized and existing under the laws of the State of New Jersey, that operates, maintains and controls an establishment known as River Rock Restaurant & Marina Bar (the "Establishment"), located at 1600 Route 70, Brick, New Jersey 08724, in this district.

13. In connection with the operation of the Establishment, Defendant River Rock Sports Bar & Grille Corp. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

14. Defendant River Rock Sports Bar & Grille Corp. has a direct financial interest in the Establishment.

15. Defendant Richard S. Grossbard is the President and a stockholder of Defendant River Rock Sports Bar & Grille Corp. with responsibility for the operation and management of that corporation and the Establishment.

16. Defendants Richard S. Grossbard has the right and ability to supervise the activities of Defendant River Rock Sports Bar & Grille Corp. and a direct financial interest in that

corporation and the Establishment.

17. Defendant Marco Giancarli is the Secretary and a stockholder of Defendant River Rock Sports Bar & Grille Corp. with responsibility for the operation and management of that corporation and the Establishment.

18. Defendant Marco Giancarli has the right and ability to supervise the activities of Defendant River Rock Sports Bar & Grille Corp. and a direct financial interest in that corporation and the Establishment.

19. Defendant Lawrence N. Grossbard is a stockholder of Defendant River Rock Sports Bar & Grille Corp. with responsibility for the operation and management of that corporation and the Establishment.

20. Defendant Lawrence N. Grossbard has the right and ability to supervise the activities of Defendant River Rock Sports Bar & Grille Corp. and a direct financial interest in that corporation and the Establishment.

21. Defendant Juan Santamaria is a stockholder of Defendant River Rock Sports Bar & Grille Corp. with responsibility for the operation and management of that corporation and the Establishment.

22. Defendant Juan Santamaria has the right and ability to supervise the activities of Defendant River Rock Sports Bar & Grille Corp. and a direct financial interest in that corporation and the Establishment.

**CLAIMS OF COPYRIGHT INFRINGEMENT**

23. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 22.

2501155.1  110887-93945

24. Since November 2013, BMI has reached out to Defendants over forty-five (45) times, by phone, in-person visits, mail and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

25. Plaintiffs allege seven (7) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

26. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the seven (7) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

2501155.1  110887-93945

27. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

28. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

29. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

30. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

31. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

2501155.1 110887-93945

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. § 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. § 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Dated: October 7, 2016
      Newark, New Jersey

**GIBBONS P.C.**

By: <u>s/ J. Brugh Lower</u>
    Mark S. Sidoti
    J. Brugh Lower
    One Gateway Center
    Newark, New Jersey 07102
    Tel: 973-596-4581
    Fax: 973-639-6292
    msidoti@gibbonslaw.com
    jlower@gibbonslaw.com

*Attorneys for Plaintiffs*

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | 1979 |
| Line 3 | Writer(s) | William Patrick Corgan |
| Line 4 | Publisher Plaintiff(s) | William Patrick Corgan, an individual dba Cinderful Music |
| Line 5 | Date(s) of Registration | 1/29/96 |
| Line 6 | Registration No(s). | PA 773-963 |
| Line 7 | Date(s) of Infringement | 04/18/2015 |
| Line 8 | Place of Infringement | River Rock Restaurant & Marina Bar |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Bennie And The Jets |
| Line 3 | Writer(s) | Bernard Taupin; Elton John |
| Line 4 | Publisher Plaintiff(s) | Universal - Songs of Polygram International, Inc. |
| Line 5 | Date(s) of Registration | 3/7/74 |
| Line 6 | Registration No(s). | Efo 170947 |
| Line 7 | Date(s) of Infringement | 04/18/2015 |
| Line 8 | Place of Infringement | River Rock Restaurant & Marina Bar |

| Line 1 | Claim No. | 3 |
|---|---|---|
| Line 2 | Musical Composition | Every Rose Has Its Thorn |
| Line 3 | Writer(s) | Bret Michael Sychak p/k/a Bret Michaels; Bruce Anthony Johannesson p/k/a C.C. DeVille; Robert Harry Kuykendall p/k/a Bobby Dall; Richard Alan Ream p/k/a Rikki Rockett |
| Line 4 | Publisher Plaintiff(s) | Robert Kuykendall, Richard A. Ream, Bruce Johannesson and Bret M. Sychak, a partnership d/b/a Cyanide Publishing |
| Line 5 | Date(s) of Registration | 8/1/88 |
| Line 6 | Registration No(s). | PA 374-492 |
| Line 7 | Date(s) of Infringement | 04/18/2015 |
| Line 8 | Place of Infringement | River Rock Restaurant & Marina Bar |

| Line 1 | Claim No. | 4 |
|---|---|---|
| Line 2 | Musical Composition | Losing My Religion |
| Line 3 | Writer(s) | William T. Berry; Peter Lawrence Buck; Mike Mills; Michael Stipe |
| Line 4 | Publisher Plaintiff(s) | Night Garden Music, A Division of R.E.M./Athens, Ltd. |
| Line 5 | Date(s) of Registration | 7/31/91 |
| Line 6 | Registration No(s). | PA 541-342 |
| Line 7 | Date(s) of Infringement | 04/18/2015 |
| Line 8 | Place of Infringement | River Rock Restaurant & Marina Bar |

| Line 1 | Claim No. | 5 |
|---|---|---|
| Line 2 | Musical Composition | Man On The Moon |
| Line 3 | Writer(s) | William Berry; Michael Stipe; Peter Lawrence Buck; Mike Mills |
| Line 4 | Publisher Plaintiff(s) | Night Garden Music, A Division of R.E.M./Athens, Ltd. |
| Line 5 | Date(s) of Registration | 12/15/92 |
| Line 6 | Registration No(s). | PA 593-754 |
| Line 7 | Date(s) of Infringement | 04/18/2015 |
| Line 8 | Place of Infringement | River Rock Restaurant & Marina Bar |

| | | |
|---|---|---|
| Line 1 | Claim No. | 6 |
| Line 2 | Musical Composition | All For You |
| Line 3 | Writer(s) | Andrew Copeland, Ryan Newell, Jeff Beres, Mark Trojanowski, Ken Block |
| Line 4 | Publisher Plaintiff(s) | Songs of Universal, Inc.; Crooked Chimney Music Inc. |
| Line 5 | Date(s) of Registration | 10/01/98 |
| Line 6 | Registration No(s). | PA 916-885 |
| Line 7 | Date(s) of Infringement | 04/18/2015 |
| Line 8 | Place of Infringement | River Rock Restaurant & Marina Bar |

| | | |
|---|---|---|
| Line 1 | Claim No. | 7 |
| Line 2 | Musical Composition | No Shoes No Shirt No Problems a/k/a No Shoes No Shirt (No Problems) |
| Line 3 | Writer(s) | Casey Beathard |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Acuff Rose Music |
| Line 5 | Date(s) of Registration | 6/26/02 |
| Line 6 | Registration No(s). | PA 1-088-629 |
| Line 7 | Date(s) of Infringement | 04/18/2015 |
| Line 8 | Place of Infringement | River Rock Restaurant & Marina Bar |